UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>BARBARA HODGES,<br><br>        Defendant. | Case No.:  19cr2837 WQH<br><br>**ORDER** |

HAYES, Judge,

  The matter before the Court is the motion to reduce sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant.  (ECF No. 35).

**FACTS**

  On February 26, 2020, Judgment was entered committing Defendant to the custody of the Bureau of Prisons for 26 months of imprisonment and three years of supervised release for possession of cocaine with intent to distribute in violation of 21 U.S.C. §841 (a)(1) and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §841 (a)(1).  Defendant has served approximately 14 months of the custody imposed.  Defendant is scheduled for release to a halfway house in December 2020.

  On September 3, 2020, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court modify her sentence to time served.  In the

alternative, Defendant moves the Court for "*Probation-monitored* home confinement as a supervised release condition." ECF No. 35 at 23. Defendant asserts that the COVID-19 outbreak warrants compassionate release in light of her combined risk from severe obesity, a long history of smoking, and her age. Defendant asserts that her health issues make her susceptible to complications from COVID-19 and demonstrate extraordinary and compelling reasons for her release.

Plaintiff United States asserts that FCI Dublin has taken rigorous measures to contain the coronavirus. Plaintiff United States asserts that the increased risk of severe illness from COVID-19 presented by Defendant's obesity does not warrant her release. Plaintiff United States further asserts that §3553(a) factors weigh against release.

## RULING OF THE COURT

18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is--
> (I) suffering from a serious physical or medical condition,

---

[1] Plaintiff United States agrees that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

>   (II) suffering from a serious functional or cognitive impairment, or
>   (III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 § 1B1.13. The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons. This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission. However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant was sentenced to 26 months in the custody of the Bureau of Prisons after entering a plea of guilty to possession of cocaine and methamphetamine with intent to distribute. Defendant admitted she concealed in her vehicle 12 pounds of cocaine and 10 pounds of methamphetamine, knowingly possessing the drugs with the intent to deliver them to another person. ECF No. 18 at 4. Applying the factors under 18 U.S.C. § 3553(a), the Court concluded that Defendant's participation in this serious offense supported the imposition of the 26 months sentence. The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.

The record demonstrates that Defendant's medical conditions have been adequately addressed at the BOP facility. Defendant's increased risk of serious illness from COVID-19 based upon obesity does not present an "extraordinary and compelling reason" to order her immediate release under the current conditions at FCI Dublin. Bureau of Prisons has modified operational plans to address the risk of COVID-19 transmission at FCI Dublin where Defendant is currently housed. As of September 11, 2020, the number of inmates

currently infected at FCI Dublin was 3 in a population over 900 inmates. The Court finds that the record does not support a finding that "extraordinary and compelling reasons" warrant a reduction of her sentence at this time. 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS HEREBY ORDERED that motion to reduce sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 35) is denied.

Dated: October 1, 2020

Hon. William Q. Hayes
United States District Court